# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LOUISIANA STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, *et al.*,<br><br>                Plaintiffs,<br><br>        v.<br><br>STATE OF LOUISIANA, *et al.*,<br><br>                Defendants. | Case No. 3:19-cv-00479-JWD-SDJ |

## DEFENDANTS' MEMORANDUM IN RESPONSE TO THE COURT'S REQUEST FOR ADDITIONAL AUTHORITY

Defendants, the State of Louisiana, through Attorney General Jeff Landry, and the Secretary of State of Louisiana, through Kyle Ardoin, submit this Memorandum in Response to the Court's Request for Additional Authority.

### I.   *THIS* COURT LACKS JURISDICTION, NOT *ALL* FEDERAL COURTS.

**A.  *Wilks* is Inapposite to Defendants' Arguments and the Situation Before the Court.**

The Court requested that the parties "address *Martin v. Wilks*, 490 U.S. 755, 109 S. Ct. 2180, 104 L. Ed. 2d 835 (1989) (particularly its holding and footnotes 2 and 3) and *Texas v. Dep't of Labor*, 929 F.3d 205, 210-11 (5th Cir. 2019) (and the concept of adequate representation)." ECF No. 39. Defendants desire to first put to rest any potential confusion or perception that they are arguing that Plaintiffs are absolutely precluded from pursuing their claims via a collateral, or some other, estoppel theory. Defendants have not argued, nor will they argue[1], that Plaintiffs' claims are barred writ large by an estoppel theory. Instead, Defendants simply assert that Plaintiffs are precluded from seeking relief in the Middle District by the existing consent decree of the Eastern

---

[1] Other than estoppel, Defendants do not waive any other defenses, jurisdictional or otherwise.

1

District. Plaintiffs should, for the reasons set forth below, be required to bring their claims—through intervention or other mechanism—in the Eastern District of Louisiana.[2]

Before proceeding, it is important to note that the holding in *Wilks*[3] is distinguishable from the facts of this case.[4] In *Wilks*, the defendants argued that the plaintiffs, a group of white firefighters, were "*precluded* from challenging employment decisions taken pursuant to the decrees, even though these firefighters had not been parties to the proceedings in which the decrees were entered." *Wilks*, 490 U.S. at 758-59 (emphasis added). The Supreme Court held that "a person cannot be deprived of his legal rights in a proceeding to which he is not a party." *Id*. at 759. The Plaintiffs here are not denied any legal rights by requiring them to seek relief in the Eastern District as opposed to this District.

Further, the Supreme Court's holding in *Wilks* proceeded from the premise that application of the impermissible collateral attack doctrine's *preclusive effect* was inconsistent with Federal Rules of Civil Procedure 19 and 24. *Id*. at 765 ("[t]he linchpin of the 'impermissible collateral attack' doctrine—the attribution of preclusive effect to a failure to intervene—is therefore quite inconsistent with Rule 19 and Rule 24."). However, Plaintiffs here are not precluded from seeking relief *writ large*, instead they are merely prevented from seeking relief in any Louisiana District Court save the Eastern District.[5]

---

[2] Should Plaintiffs seek to intervene in the *Chisom* proceedings in the Eastern District of Louisiana, the Attorney General would not object to such request.
[3] Congress was so displeased with the Supreme Court's ruling in *Wilks* that they overturned its holding by statute as it pertains to "certain challenges to employment practices . . . ." *See Landgraf v. Usi Film Prods.*, 511 U.S. 244, 251 (1994).
[4] Likewise, *Texas v. United States Dep't of Labor*, 929 F.3d 205 (5th Cir. 2019) is inapposite as the Defendants' position is not that Plaintiffs' claims are precluded in any federal court.
[5] It must also be noted, however, that claims affecting electoral districts are also somewhat at odds with Rules 19 and 24. Rule 19 of the Federal Rules of Civil Procedure requires the joinder of persons if:
    (A) in that person's absence, the court cannot accord complete relief among the existing parties; or
    (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: . . . leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

### B. If Collateral Estoppel Is Inapplicable, then the First-to-File Rule Is Applicable.

Initially, there is the issue of the Eastern District's own assertion of subject matter jurisdiction. According to the Eastern District, "[s]o long as the final remedy under a consent decree has not been achieved, the court entering the decree retains subject matter jurisdiction to interpret and enforce the decree's terms." *Chisom v. Jindal*, 890 F. Supp. 2d 696, 709-711 (E.D. La. 2012). The relief sought by Plaintiffs will unavoidably impact the plain terms of the decree. For example, paragraph 8 of the decree states:

> Legislation will be enacted . . . which provides for the reapportionment of the ***seven districts*** of the Louisiana Supreme Court . . . . ***The reapportionment***[6] will provide for a single-member district that is majority black in voting age population that includes Orleans Parish in its entirety. The reapportionment shall be effective on January 1, 2000, ***and future Supreme Court elections after the effective date shall take place in the newly reapportioned districts.***

1992 Consent Decree at ¶ (C)(8) (emphasis added); *see also* 2000 Consent Decree at ¶ 2. In compliance with the decree, each Supreme Court judicial election since the 2000 decree was implemented has taken place in the districts apportioned pursuant to the decree. Further, because the Eastern District retained subject matter jurisdiction over the districts, every following election must be conducted pursuant to the decree unless the decree is otherwise amended. *Chisom*, 890 F. Supp. 2d at 711 ("The court entering the consent judgment is also the tribunal with the power to determine whether it has been fully been complied with and should be dissolved or vacated.").

As the Eastern District has retained jurisdiction of the relief pertaining to all seven Supreme Court districts, the more analogous rule implicated here is first-to-file. "Under the first-to-file rule,

---

Fed. R. Civ. P. 19(1)(B)(ii). By its very nature, the restructuring of electoral districts fundamentally impacts the rights of all voters, candidates, and elected officials. *See, e.g., Williams v. State Bd. of Elections*, 696 F. Supp. 1563, 1570-73 (N.D. Ill. 1988) (requiring joinder of all sitting judges and judicial candidates). To allow each and every voter to bring claims respecting electoral districts already covered by a consent decree in a different federal court inevitably invites unceasing litigation.

[6] The "reapportionment" referenced in this paragraph of the consent decree is the seven-district reapportionment discussed earlier in the paragraph. Therefore, the consent decree, by its very terms, covers *all seven* Supreme Court districts, not just the first district.

3

when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice*, 174 F.3d 599, 603 (5th Cir. 1999). The purpose of the first-to-file rule "is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Id*. (citation omitted); *see also Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("As between federal district courts, however, though no precise rule has evolved, the general principle is to avoid duplicative litigation.").

Here, there is an existing controversy in the form of an ongoing consent decree from a sister federal court. *See Chisom*, 890 F. Supp. 2d at 709-711. For this Court to pass judgment upon Plaintiffs' claims, if granted, would require it to "trench upon the authority" of the Eastern District Court because the relief requested here would necessarily impact the relief under the consent decree. Also, if Plaintiffs' claims prove successful, there can also be no "uniformity of result" with a consent decree that is currently binding the State.

Furthermore, should this Court grant Plaintiffs' relief, the State would be powerless to implement it without first seeking leave from the Eastern District. This portends a situation in which the State is bound by two conflicting orders in two sister courts covering the exact same map for the same offices. There is also the fact that the parties to the *Chisom* litigation would necessarily have the right to be heard in any proceeding in the Eastern District and to potentially enforce the original decree in that district. *See Ehlinger & Assocs. v. La. Architects Ass'n*, 1996 U.S. Dist. LEXIS 15878, *5-7 (E.D. La. Oct. 21, 1996) (citing among others *Jackson v. Ala. Dept. of Pub. Safety*, 657 F.2d 689 (5th Cir. 1981), *cert. den.*, 455 U.S. 956 (1982)). This is the exact type of "piecemeal" adjudication that the first-to-file rule and judicial comity seeks to prevent.

## II.  IN THE ALTERNATIVE, VENUE SHOULD LIE WITH THE EASTERN DISTRICT OF LOUISIANA IN THE INTEREST OF JUSTICE.

A federal court is permitted to transfer venue "[f]or the convenience of parties and witness, in the interest of justice . . . ." 28 U.S.C. § 1404(a); *see also Ritzen Grp., Inc. v. Jackson Masonry, LLC,* 140 S. Ct. 582, 590 n.3 (2020) (unanimous op.) ("[W]ithin the federal court system, when venue is laid in the wrong district, or when the plaintiff chooses an inconvenient forum, transfer rather than dismissal is ordinarily ordered if 'in the interest of justice.'"). This transfer is permitted "to any other district . . . where it might have been brought . . . ." *Id*. While transfers under 28 U.S.C. § 1404(a) are discretionary, the "pertinent operative language" in the statute is "in the interest of justice." *Phillips v. Ill. C.G. Railroad*, 874 F.2d 984, 990 (5th Cir. 1989). Venue was proper in the Eastern District because the *Chisom* plaintiffs resided in Orleans Parish and the Louisiana Supreme Court is located in Orleans Parish. Venue is proper there now due to the ongoing consent decree and in the interest of justice resulting therefrom.

It is certainly in the interest of justice to adjudicate Plaintiffs' claims in the Eastern District of Louisiana. As has been noted repeatedly, the consent decree that currently binds Defendants is located in that district. The *Chisom* plaintiffs and remaining defendants—who would have at least some input as to the ongoing consent decree—are located in that district. Finally, the New Orleans Division of the Eastern District is only approximately one-and-a-half hours from where the individual Plaintiffs reside. When one contrasts Plaintiffs' minimal burden with the overwhelming burdens placed upon the Defendants by the potential for conflicting orders, the need for transfer "in the interest of justice" becomes clear.

## CONCLUSION

For the aforementioned reasons, this case should be dismissed without prejudice or should be transferred to the Easter District of Louisiana.

RESPECTFULLY SUBMITTED

*/s/Celia R. Cangelosi*
Celia R. Cangelosi (La. Bar #12140)
5551 Corporate Blvd., Suite 101
Baton Rouge, LA 70808
Telephone: (225) 231-1453
Facsimile: (225) 231-1456
Email: celiacan@bellsouth.net

*Counsel for Defendant Secretary of State Kyle Ardoin*

*/s/ Angelique Freel*
Angelique D. Freel (La. Bar #28561)
Jeffrey Wale (La. Bar #36070)
Assistant Attorneys General
LOUISIANA DEPARTMENT OF JUSTICE
1885 North Third Street
Post Office Box 94005
Baton Rouge, Louisiana 70804-9005
Telephone No. 225-326-6766
Facsimile No. 225-326-6793
E-Mail:
freela@ag.louisiana.gov
walej@ag.louisiana.gov

Jason Torchinsky (VSB 47481)*
Phillip M. Gordon (TX 24096085)*
HOLTZMAN VOGEL JOSEFIAK
TORCHINSKY PLLC
45 N. Hill Drive, Suite 100
Warrenton, VA 20186
Telephone: (540) 341-8808
Facsimile: (540) 341-8809
Email: jtorchinsky@hvjt.law
pgordon@hvjt.law
*admitted *pro hac vice*

*Counsel for Defendant State of Louisiana*

## **CERTIFICATE OF SERVICE**

I CERTIFY that I the foregoing was filed electronically and served on counsel for the parties by CM/ECF electronic notification on March 30, 2020.

*/s/ Angelique Duhon Freel*
Angelique Duhon Freel
