**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **LOUISIANA STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE**, *et al.*,    §§§§§§§<br><br>*Plaintiffs*,    §§<br><br>v.    §<br><br>**STATE OF LOUISIANA**, *et al.*,    §§§§<br><br>*Defendants*.    § | Case No. 3:19-cv-00479 -JWD-EWD |

## PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS

Arthur R. Thomas, Esq., LA Bar #12797
**ATTORNEY AT LAW**
3313 Government Street
Baton Rouge, LA 70806
(225) 334-7490
(225) 334-7491 Facsimile

Jon Greenbaum, Esq.*
jgreenbaum@lawyerscommittee.org
Ezra D. Rosenberg, Esq.*
erosenberg@lawyerscommittee.org
Brendan B. Downes, Esq.*
bdownes@lawyerscommittee.org
Jennifer N. Nwachukwu, Esq.*
jnwachukwu@lawyerscommittee.org
**LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW**
1500 K Street NW, Suite 900
Washington, DC  20005
(202) 662-8600
*admitted *pro hac vice*

Alec W. Farr, Esq.*
awfarr@bclplaw.com
Adam L. Shaw, Esq.*
adam.shaw@bclplaw.com
Jason C. Semmes, Esq.*
jason.semmes@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
1155 F Street NW, Suite 700
Washington, DC  20004
(202) 508-6000
(202) 508-6200 Facsimile
*admitted *pro hac vice*

Meryl Macklin, Esq.*
meryl.macklin@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
(415) 675-3400
(415) 675-3434 Facsimile
*admitted *pro hac vice*

*Counsel for Plaintiffs Louisiana State Conference of the National Association for the Advancement of Colored People, Anthony Allen, and Stephanie Anthony*

I.     INTRODUCTION

Pursuant to the Court's March 23, 2020 Notice to Counsel (ECF No. 39), Plaintiffs Louisiana State Conference of the National Association for the Advancement of Colored People ("NAACP"), Anthony Allen, and Stephanie Anthony ("Plaintiffs") respectfully submit this Supplemental Memorandum in Opposition to Defendants' Motions to Dismiss (ECF Nos. 27 & 28).  Specifically, Plaintiffs respond to this Court's request that the parties address *Martin v. Wilks*, 490 U.S. 755 (1989), particularly notes 2 and 3, and *Texas v. Department of Labor*, 929 F.3d 205, 210-11 (5th Cir. 2019) (and the concept of adequate representation), in light of the State's argument that the United States District Court for the Eastern District of Louisiana "continues to have subject matter jurisdiction" over the subject matter of Plaintiffs' Complaint, because "[o]nly the district court supervising implementation of [*Chisom v. Edwards*, 659 F. Supp. 183 (E.D. La. 1987), *rev'd*, 839 F.2d 1056 (5th Cir. 1988) (the "*Chisom* Decree")] [has] subject matter jurisdiction to modify the decree" and "[i]t is settled that a consent decree is not subject to collateral attack." (ECF No. 27-1, at 4, quoting *Thaggard v. Jackson*, 687 F.2d 66, 68 & 69 n.3 (5th Cir. 1982) (quotation omitted)).

The short and complete answer is that the concept of collateral attack – and for that matter the concepts of adequacy of representation and privity discussed in those cases – have no applicability to this case, because this case in no way presents a collateral attack on the *Chisom* Decree.[1]   Defendants' Motions to Dismiss should be denied.

---

[1]     Plaintiffs have offered to stipulate that "[i]f there is any doubt on the issue of the relevance of *Chisom* to this case, . . . any remedy they seek will not affect the Supreme Court District 1."  (ECF No. 34 at 5 n.1.)

## I.    ARGUMENT

### A.    The Complaint Does Not Collaterally Attack the *Chisom* Decree

Plaintiffs here do not in any way assert that the State is not complying with the *Chisom* Decree. The goal of the *Chisom* Decree was to cure minority vote dilution in and around New Orleans. Nothing more. This case revolves solely around the curing minority vote dilution in and around Baton Rouge. Thus, this case is not a "collateral attack" on the Decree. That should end discussion of the applicability of the *Chisom* Decree to this case.

Specifically, *Chisom* was a class action brought on behalf of "Ronald Chisom and four other black plaintiffs and the Louisiana Voter Registration Education Crusade . . . on behalf of all blacks registered to vote in Orleans Parish." 659 F. Supp. at 183  The *Chisom* plaintiffs did not seek to represent citizens outside Orleans Parish.

*Chisom* focused exclusively on the then First District of the Louisiana Supreme Court. At the time of suit, the Louisiana Supreme Court members were elected from six districts. Five of the six districts elected one Justice each. However, the First District, comprised of four parishes (Orleans, St. Bernard, Plaquemines, and Jefferson Parishes), elected two justices at-large. The *Chisom* plaintiffs argued that Louisiana's at-large system for electing Supreme Court justices from the First District "impermissibly diluted the voting strength of the minority voters in Orleans Parish," *Chisom v. Jindal*, 890 F. Supp. 2d 696, 702 (E.D. La. 2012) (emphasis added), because no African American had ever been elected to either of the two at-large seats from the First District.

As a result of the litigation, the process for electing justices to the Louisiana Supreme Court from the First District was changed from at-large to election from two single member districts, one of which was majority-minority. There was never an allegation in *Chisom* that the

2

African American vote <u>outside</u> that district was diluted, nor did the *Chisom* Decree purport to impose obligations elsewhere in Louisiana.

This case has nothing to do with the issues in *Chisom*. Plaintiffs are not challenging the elimination of an at-large system in the Orleans Parish area; nor are they are challenging the creation of a majority-minority single member district in the Orleans Parish. And *Chisom* did not concern itself in any way with the only judicial district at issue in this case: that surrounding Baton Rouge. In no way can this case be construed to be a challenge to the *Chisom* Decree. Indeed, this case contends that an *additional* majority-minority Louisiana Supreme Court district can be drawn. It rightly belongs in this Court because it is not a collateral attack on the *Chisom* Decree.

      **B.**     *Martin v. Wilks* **and** *Texas v. Department of Labor***, While Not Relevant, Support This Case Staying in This Court**

Because this case does not present a collateral attack on a prior judgment, the discussion could end here. This Court has, however, requested that the parties address *Martin v. Wilks* and *Texas v. Department of Labor*. Both of those cases support this Court's retaining jurisdiction over this case. *Wilks* stands for the settled propositions that in an action brought as a collateral attack on a consent decree, "a person cannot be deprived of his legal rights in a proceeding to which he is not a party." *Martin v. Wilks*, 490 U.S. 755, 759 (1989), and *Texas* for the similarly sound rule "that one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process." *Texas v. Dep't of Labor*, 929 F.3d 205, 210 (5th Cir. 2019) (quoting *Taylor v. Sturgell*, 553 U.S. 880, 884 (2008)).

The specific footnotes in *Wilks* that this Court asked the parties to address are consistent with these general rules and, because this case is not a collateral attack on the *Chisom* Decree,

3

have no real applicability here in any event. In footnote 2, the Court recognized that if a party's interests were "adequately represented by someone with the same interests who is a party," a judgment or decree may be enforced against that person. *Wilks,* 490 U.S. at 762 n.2 (citing *Hansberry v. Lee*, 311 U.S. 32, 41-42 (1940)). But, enforcing the *Chisom* Decree against any of the parties in this case has absolutely no bearing on the issues in this case. So the issue of adequate representation has no bearing here. In any event, as noted above, the class definition in *Chisom* was limited to black voters in the then First District.[2]

In footnote 3, the *Wilks* Court expressly rejected *Thaggard*'s holding "that a consent decree is not subject to collateral attack." *Thaggard*, 687 F.2d 66, 68; *id.* at 762 n.3, instead adopting the view that "a party seeking a judgment binding on another cannot obligate that person to intervene; he must be joined." *Wilks*, 490 U.S. 755, 763 (1989) (citing *Chase National Bank v. Norwalk*, 291 U.S. 431, 441 (1934)). Again, while consistent with the conclusion that this case belongs in this Court, the discussion has no bearing on the facts of this case, because Plaintiffs are not, in any way, mounting a collateral attack on the *Chisom* Decree. Similarly, in *Texas v. Department of Labor*, the Fifth Circuit considered whether a Texas federal court could hold a plaintiff and her lawyers in contempt for filing a lawsuit in New Jersey federal court under a Department of Labor ("DOL") rule whose enforcement the Texas court had enjoined. 929 F.3d 205, 207 (5th Cir. 2019). The Texas court had "enjoined the [DOL's] proposed Fair Labor Standards Act (FLSA) Overtime Rule and specifically enjoined the DOL from implementing and enforcing that proposed rule, pending further order of that court." *Id.* After the Texas court's injunction, "a restaurant worker in New Jersey, sued her former employer, Chipotle Mexican

---

[2] The second exception discussed in footnote 2– "where a special remedial scheme exists expressly foreclosing successive litigation by nonlitigants, as for example in bankruptcy or probate" – is also inapplicable here. *See id.* (citing *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 529-30, n.10 (1984)).

4

Grill, Inc. and Chipotle Services, L.L.C. (Chipotle), in . . . New Jersey . . . relying on the proposed Overtime Rule." *Id.* Chipotle moved in the Texas court to hold the New Jersey plaintiff and her attorneys in contempt for violating the injunction, and the Texas court granted the motion. *Id.* The Fifth Circuit reversed, finding that the injunction binds only the parties and those in privity with them.

Leaving aside that there is no basis to conclude that Plaintiffs here were parties or in privity with the parties in *Chisom*, the overarching fact is that there is no injunction arising out of the *Chisom* Decree that is in issue in this case. Defendants do not (and cannot) contend that Plaintiffs here aided or abetted any violation of the *Chisom* Decree. The two cases differ so greatly in subject matter—both in time and geography—and in the relief sought that Defendants will never be able to demonstrate the existence of the "types of relationships sufficiently close to justify preclusion."[3]

| | |
|---|---|
| Dated: March 30, 2020 | Respectfully submitted, |

/s/ *Adam L. Shaw*
By: Adam L. Shaw, Esq.*
adam.shaw@bclplaw.com
/s/ *Alec W. Farr*
Alec W. Farr, Esq.*
awfarr@bclplaw.com
Jason C. Semmes, Esq.*
jason.semmes@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
1155 F Street NW, Suite 700
Washington, DC 20004
(202) 508-6000
(202) 508-6200 Facsimile

[Signatures continued on next page.]

---

[3] The 2012 litigation concerning the appointment of the Chief Justice involved a direct interpretation of the *Chisom* Decree. *See Chisom v. Jindal*, 890 F. Supp. 2d 696, 702 (E.D. La. 2012). There was a direct nexus between the original *Chisom* litigation and the 2012 litigation. Not so here. Plaintiffs do not ask this Court to interpret the *Chisom* Decree or alter it in any way.

5

Meryl Macklin, Esq.*
meryl.macklin@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
(415) 675-3400
(415) 675-3434 Facsimile
*admitted *pro hac vice*


/s/  Brendan B. Downes
Jon Greenbaum, Esq.*
jgreenbaum@lawyerscommittee.org
Ezra D. Rosenberg, Esq.*
erosenberg@lawyerscommittee.org
Brendan B. Downes, Esq.*
bdownes@lawyerscommittee.org
Jennifer N. Nwachukwu, Esq.*
jnwachukwu@lawyerscommittee.org
**LAWYERS' COMMITTEE FOR CIVIL RIGHTS
     UNDER LAW**
1500 K Street NW, Suite 900
Washington, DC  20005
(202) 662-8600
*admitted *pro hac vice*


/s/  Arthur R. Thomas
By: Arthur R. Thomas, Esq., LA Bar #12797
**ATTORNEY AT LAW**
3313 Government Street
Baton Rouge, LA  70806
(225) 334-7490
(225) 334-7491 Facsimile

*Counsel for Plaintiffs Louisiana State Conference of the National Association for the Advancement of Colored People, Anthony Allen, and Stephanie Anthony*

6

# CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2020, I electronically filed the foregoing Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendant State of Louisiana's Motion to Dismiss with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record identified below.

    Elizabeth B. Murrill
    Solicitor General – Lead Counsel
    Angelique D. Freel
    Jeffrey Wale
    Assistant Attorneys General
    LOUISIANA DEPARTMENT OF JUSTICE
    1885 North Third Street
    Post Office Box 94005
    Baton Rouge, LA 70804-9005
    freela@ag.louisiana.gov
    walej@ag.louisiana.gov

    Jason Torchinsky
    Phillip M. Gordon
    HOLTZMAN VOGEL JOSEFIAK TORCHINSKY PLLC
    45 N. Hill Drive, Suite 100
    Warrenton, VA 20186
    jtorchinsky@hvjt.law
    pgordon@hvjt.law

    *Counsel for Defendant State of Louisiana*

    Celia R. Cangelosi
    Bar Roll No. 12140
    5551 Corporate Blvd., Suite 101
    Baton Rouge, LA 70808
    celiacan@bellsouth.net

    *Counsel for Defendant Secretary of State*

    /s/ *Adam L. Shaw*
    Adam L. Shaw