UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF LOUISIANA

LOUISIANA STATE CONFERENCE
OF THE NATIONAL ASSOCIATION
FOR THE ADVANCEMENT OF
COLORED PEOPLE, *et. al.*,

      Plaintiffs,

v.   Case No. 3:19-cv-00479-JWD-SDJ

STATE OF LOUISIANA, *et al.*,

      Defendants.

**MOTION TO INTERVENE**

John L. Weimer, Greg Champagne, Mike Tregre, and Craig Webre ("Intervenors"), through undersigned counsel, respectfully move under Federal Rule of Civil Procedure 24 to intervene in this action for the limited purpose of filing a Motion to Partially Lift Consent Stay Order.[1] That motion, which is attached hereto as Exhibit A, requests that the Court modify the May 4, 2022 Order, which was entered with the consent of the parties and stays *all* Louisiana Supreme Court elections indefinitely. Rec. Doc. 101 (the "Consent Stay Order"). The requested modification if granted would allow the upcoming election in Louisiana Supreme Court District Six, which is not a part of this lawsuit, to proceed.

Federal Rule of Civil Procedure 24(a) provides that "[o]n timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute;

---

[1] Pursuant to the Local Rules of the United States District Court for the Middle District of Louisiana, no accompanying memorandum is attached to this motion to intervene. *See* LR 7(e) ("No memorandum is required by either movant or respondent, unless otherwise directed by the Court, with respect to the following motions: . . . (7) to intervene[.]").

1

or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

The Intervenors are voters within Louisiana Supreme Court District Six ("District Six") and are entitled to vote in the election currently set for November 8, 2022. The present lawsuit seeks to redraw District Five, generally in Baton Rouge. *See Allen v. Louisiana*, 14 F.4th 366, 369 (5th Cir. 2021) ("Plaintiffs thus seek to create a second majority-black district, alleging it could be drawn in District 5, which includes East Baton Rouge Parish and surrounding parishes."). The Intervenors takes no position on the parties' arguments relative to District Five, or on the merits of the claims and defenses of any party in this litigation. The Consent Stay Order, however, extends to *all* Louisiana Supreme Court Districts, regardless of whether they are at issue in this litigation. Without modification, the Consent Stay Order will therefore result in the indefinite postponement of the November 2022 election in District Six.

The Intervenors are accordingly entitled to intervene as a matter of right under Federal Rule 24(a)(2) of the Federal Rules of Civil Procedure to protect their right to vote in the upcoming election. *See League of United Latin Am. Citizens, Dist. 19 v. City of Boerne*, 659 F.3d 421, 433 (5th Cir. 2011) (holding that a voter had a right to intervene when a consent decree deprived him of his right to vote); *see also Reynolds v. Sims*, 377 U.S. 533, 555 (1964) ("The right to vote freely for the candidate of one's choice is of the essence of a democratic society, and any restrictions on that right strike at the heart of representative government. . . . [A]ny alleged infringement of the right of citizens to vote must be carefully and meticulously scrutinized."); *Dunn v. Blumstein*, 405 U.S. 330, 336 (1972) ("[A]s a general matter, before that right (to vote) can be restricted, the

purpose of the restriction and the assertedly overriding interests served by it must meet close constitutional scrutiny.") (internal quotations omitted).

Accordingly, the Intervenors respectfully request that the Court grant this motion and allow them to intervene for the limited purpose of filing the attached Motion to Partially Lift the Consent Stay Order, so that the present stay does not interfere with District Six's upcoming election, or otherwise infringe on the Intervenors' voting rights.

Dated:  June 29, 2022.                    Respectfully submitted,

/s/ *Eva J. Dossier*
Richard C. Stanley, La. Bar No. 8487
Eva J. Dossier, La. Bar No. 35753
**STANLEY, REUTER, ROSS, THORNTON**
 **& ALFORD, L.L.C.**
909 Poydras Street, Suite 2500
New Orleans, LA 70112
Telephone:  504-523-1580
Facsimile:  504-524-0069
rcs@stanleyreuter.com
ejd@stanleyreuter.com

John W. Perry, Jr., La. Bar No. 10524
**PERRY, BALHOFF, MENGIS & BURNS, L.L.C.**
2141 Quail Run Drive
Baton Rouge, Louisiana 70808
Telephone: 225-767-7730
Facsimile: 225-767-7967
perry@pbmbllc.com

Harold M. Block, La. Bar No. 03150
**BLOCK & BOUTERIE**
408 West Third Street
Thibodaux, Louisiana 70301
Telephone: 985-447-6767
Facsimile: 985-446-7357
hmb@blockandbouterie.com

Daniel A. Cavell, La. Bar No. 04074
**MORVANT & CAVELL, L.L.C.**
402 W. 4th Street
Thibodaux, LA 70301
Telephone: 985-449-7500
Facsimile: 985-449-7520
dcavell@bellsouth.net

Danna E. Schwab, La. Bar No. 20367
**THE SCHWAB LAW FIRM**
7847 Main Street
Houma, LA 70360-4455
Telephone: 985-868-1342
Facsimile: 985-868-1345
dschwab@theschwablawfirm.com

Christopher H. Riviere, La. Bar No. 11297
**CHRISTOPHER H. RIVIERE, P.L.C.**
103 West 3rd Street
Thibodaux, LA 70301
Telephone: 985-447-7440
Facsimile: 985-447-3233
criviere@rivierelaw.com

William A. Stark, La. Bar No. 12406
**THE STARK LAW FIRM**
275 Gabasse Street
Houma, LA 70360
Telephone: 985-223-3213
Facsimile: 985-868-8584
billy@williamstark.com

Carl A. Butler, La. Bar No. 17261
**BUTLER LAW FIRM, L.L.C.**
2400 Veterans Blvd., Suite 485
Kenner, LA 70062
Telephone: 504-305-4117
Facsimile: 504-305-4118
cbutler@butlerlawllc.com

*Attorneys for John L. Weimer, Greg Champagne, Mike Tregre, and Craig Webre, in their individual capacities*

## LOCAL CIVIL RULE 7(E) CERTIFICATE

The Intervenors certify that they circulated the Motion to Intervene to counsel for all parties just before 7:00 a.m. on June 29, 2022, accompanied by a request that counsel advise by 2:00 p.m. as to whether their clients oppose the motion. The State of Louisiana, through counsel, responded that it "opposes your intervention." No response was received from the Plaintiffs or the Secretary of State of Louisiana as of the time of filing the Motion to Intervene.

/s/ *Eva J. Dossier*
Eva J. Dossier

## CERTIFICATE OF SERVICE

I certify that on June 29, 2022, the foregoing was filed using the Court's ECF System, which constitutes services on all counsel having appeared of record in this proceeding.

/s/ *Eva J. Dossier*
Eva J. Dossier